# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| JAHED AHMED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 4:16-cv-01324-KOB-SGC |
| | ) |
| LORETTA LYNCH, et al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This matter is before the court on Respondents' Motion to Dismiss as Moot filed December 12, 2016. (Doc. 6). In their motion, Respondents include the affidavit of Bryan Pitman, with the Department of Homeland Security, indicating that ICE Enforcement and Removal Operations removed Petitioner from the United States to Bangladesh on December 6, 2016. (Doc. 6-1). Respondents argue that, because ICE removed Petitioner from the United States and is no longer in ICE custody, this case is due to be dismissed as moot.

On August 15, 2016, Petitioner filed a petition for writ of habeas corpus seeking an immediate release from ICE custody. (Doc 1). Because Petitioner has been removed from the United States and is no longer in ICE custody, the court can no longer provide meaningful relief and finds that the petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine).

Accordingly, the court finds that no exceptions to the mootness doctrine exist; that the motion to dismiss is due to be granted; and that the habeas petition is due to be dismissed as moot. *See Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011).

The court will enter a separate Order in conformity with this Memorandum Opinion..

DONE and ORDERED this 14th day of December, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE